IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INTEGRATED CLAIMS SYSTEMS, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:15-cv-427 |
| | ) |
| v. | ) DEMAND FOR JURY TRIAL |
| | ) |
| SETON HEALTH PLAN, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Integrated Claims Systems, LLC ("ICS"), for its complaint for patent infringement against Defendant Seton Health Plan, Inc. ("Seton") alleges as follows:

## THE PARTIES

1. Plaintiff ICS is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 118 Weaver Road, Elizaville, New York, 12523.

2. Upon information and belief, Defendant Seton is a corporation organized and existing under the laws of the State of Texas, with a place of business at 4515 Seton Center Parkway, Suite 310, Austin, Texas 78759.

## JURISDICTION AND VENUE

3. This action arises under the United States Patent Laws, 35 U.S.C. §§ 1, *et seq*. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Seton because it is incorporated in Texas, maintains its principal place of business in Texas, has committed acts of patent infringement within this Judicial District in violation of 35 U.S.C. § 271, transacts business within this Judicial District, has purposely availed itself of the privileges and benefits of the laws of the State of Texas, solicits customers in the State of Texas, and has paying customers who are residents of the State of Texas and who each use Seton's products and services in the State of Texas.  Upon information and belief, Seton derives substantial revenue from the infringing products and services used within this Judicial District, and should reasonably expect its actions to have consequences within this Judicial District.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## THE PATENTS-IN-SUIT AND BACKGROUND

6. ICS is the owner of all right, title, and interest in U.S. Patent No. 8,676,609 ("the '609 patent") entitled "Attachment Integrated Claims Systems and Operating Methods Therefor."  The '609 patent was duly and properly issued by the United States Patent and Trademark Office on March 18, 2014 and assigned to ICS.  A true and correct copy of the '609 patent is attached hereto as Exhibit A.

7. ICS is the owner of all right, title, and interest in U.S. Patent No. 6,003,007 ("the '007 patent") entitled "Attachment Integrated Claims System and Operating Method Therefor."  The '007 patent was duly and properly issued by the United States Patent and Trademark Office on December 14, 1999 and assigned to ICS.  A true and correct copy of the '007 patent is attached hereto as Exhibit B.

8. ICS is the owner of all right, title, and interest in U.S. Patent No. 6,199,115 ("the '115 patent") entitled "Attachment Integrated Claims System and Operating Method Therefor." The '115 patent was duly and properly issued by the United States Patent and Trademark Office on March 6, 2001 and assigned to ICS. A true and correct copy of the '115 patent is attached hereto as Exhibit C.

9. The '609 patent, the '007 patent and the '115 patent are collectively referred to herein as the "Asserted Patents."

10. The named inventor of the Asserted Patents, Andrew DiRienzo, Ph.D., has a Bachelor of Science degree in astronomy from the University of Arizona, and a doctorate in Physics from the University of Arizona. He has authored several technical articles, including *Superconductivity and Quantum Mechanics*, Coherence in Spectroscopy and Modern Physics, NATO ASI Series B: Physics, Vol. 37 (1978) and *Charge-Excess Superconductors and the Pseudo-Angular-Momentum Approach to Josephson Tunneling*, Physics Review B, pp. 6648-95 (1982).

11. While serving as a Senior Staff Scientist with the United States Navy, Dr. DiRienzo's primary research area was Synthetic-Aperture Radar ("SAR"), a form of tomography. SAR can create the image of a ship at great distances. This allows the Navy to distinguish between ships that represent a threat and those that do not. In practice, a plane follows the arc of a circle centered on a given ship. As it follows the arc, the plane emits radar pulses. These pulses bounce off the ship and are detected by the plane's radar as reflected pulses. Computer software converts these reflected pulses into images of the ship. Through his work for the Navy, Dr. DiRienzo developed a level of expertise in tomography.

12. Tomography is utilized widely in the healthcare field. For example, Magnetic Resonance Images ("MRIs"), Positron Emission Tomography ("PET") images, and Computer Assisted Tomography ("CAT") scans are all examples of tomography. These images are often filed in connection with insurance claim forms such as healthcare, dental and workers' compensation claims. Other documents frequently submitted with claim forms include x-rays, strip charts, lab reports and narratives, and explanation of benefits, among others.

13. In 1994, a surgeon who was aware of Dr. DiRienzo's radar work asked if it would be possible to electronically send an MRI from upstate New York to a New York City hospital. Based on his experience, Dr. DiRienzo believed that this could be done and he began conducting research. Dr. DiRienzo was further spurred to action when his mother required dental surgery in 1995. The dentist complained that for many procedures, he was required to obtain prior approval from insurance companies. That involved mailing hard copies of the approval form and x-rays that supported the medical need for the procedures to the insurance companies and then waiting for their authorization before performing the procedures.

14. Dr. DiRienzo immediately recognized how inefficient this process was. For almost 20 years now, Dr. DiRienzo has researched and developed systems and methods for processing insurance claims and the forms that typically accompany them. Dr. DiRienzo's efforts have been rewarded with twelve United States Patents in this field. He is also the named inventor of several other United States Patents and has a number of pending patent applications.

15. ICS has licensed Dr. DiRienzo's patents in this field to a number of prominent insurance companies including, among others, Allstate, Amerisure, Assurant, Cigna, Southern Vanguard, Wellcare, Zenith, Community Health Choice, Delta Dental of California, Delta Dental Insurance Company, Arizona Dental Insurance Service d/b/a Delta Dental of Arizona, Delta

Dental of Colorado, Delta Dental of Idaho, Delta Dental of Kentucky, Delta Dental of South Dakota, Delta Dental of Virginia, Delta Dental of Washington, Delta Dental of Wisconsin, Delta Dental Plan of Wyoming, Delta Dental of New Jersey, Delta Dental of Missouri, Delta Dental of Tennessee, Delta Dental Plan of New Hampshire d/b/a Northeast Delta Dental, Delta Dental of Kansas and Delta Dental of Iowa.

16. Upon information and belief, Seton makes, uses, offers for sale or sells within the United States a system and method allowing the electronic submission and processing of insurance claims and corresponding electronic attachments, the auto adjudication of insurance claims, and dynamic claim forms (the "Insurance Claim System"). Exemplary attachments may include, for example, x-rays, strip charts, lab reports and narratives, and explanation of benefits, among others.

## FIRST CAUSE OF ACTION
### (INFRINGEMENT OF THE '609 PATENT)

17. ICS restates and realleges the allegations set forth in paragraphs 1 through 16 above and incorporates them by reference.

18. Upon information and belief, Seton, through its Insurance Claim System, has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 81 of the '609 patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale or selling the Insurance Claim System within the United States. Seton also directly infringes at least claim 81 of the '609 patent by directing and/or controlling its employees, executives, users, agents, affiliates, suppliers, vendors, insurance providers, customers and others to use the Insurance Claim System to infringe at least claim 81 of the '609 patent.

19. Upon information and belief, Seton through its Insurance Claim System, has infringed and continues to infringe at least claim 81 of the '609 patent in violation of 35 U.S.C. §

5

271(b) by inducing vendors, insurance providers, customers and others to make, use, sell, or offer for sale within the United States, products or processes that practice inventions of the '609 patent, including the Insurance Claim System, with knowledge of and intent that such vendors, insurance providers, customers and others infringe the '609 patent.  Seton has intentionally caused, urged, encouraged, or aided in the action that induced direct infringement of the '609 patent by vendors, insurance providers, customers and others.  Upon information and belief, such intentional action includes, for example, contracting with vendors or others to make or use certain systems and processes of the Insurance Claim System; causing, urging, encouraging, or aiding certain actions by vendors or others to make or use the Insurance Claim System; and causing, urging, encouraging or aiding insurance providers or others to make or use the Insurance Claim System.  As a result of its conduct, Seton has induced and inducing such employees, executives, users, agents, affiliates, suppliers, vendors, insurance providers, customers and others to make or use systems and methods, such as the Insurance Claim System, to infringe at least claim 81 of the '609 patent.  Additionally and in the alternative, Seton has induced and is inducing employees, executives, users, agents, affiliates, suppliers, vendors, insurance providers, customers and others to implement and utilize parts of or all of the systems and methods of the Insurance Claim System to infringe at least claim 81 of the '609 patent.  Seton has engaged and is engaging in this conduct while aware of the '609 patent and with the intent to infringe, at least as of the filing of the Complaint.

20. ICS has been damaged by Seton's infringement of the '609 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Seton from further infringement.

**SECOND CAUSE OF ACTION**
**(INFRINGEMENT OF THE '007 PATENT)**

21.     ICS restates and realleges the allegations set forth in paragraphs 1 through 20 above and incorporates them by reference.

22.     Upon information and belief, Seton, through its Insurance Claim System, has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 17 of the '007 patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale or selling the Insurance Claim System within the United States.  Seton also directly infringes at least claim 17 of the '007 patent by directing and/or controlling its employees, executives, users, agents, affiliates, suppliers, vendors, insurance providers, customers and others to use the Insurance Claim System to infringe at least claim 17 of the '007 patent.

23.     Upon information and belief, Seton, through its Insurance Claim System, has infringed and continues to infringe at least claim 17 of the '007 patent in violation of 35 U.S.C. § 271(b) by inducing employees, executives, users, agents, affiliates, suppliers, vendors, insurance providers, customers and others to make, use, sell, or offer for sale within the United States, products or processes that practice inventions of the '007 patent, including the Insurance Claim System, with knowledge of and intent that such employees, executives, users, agents, affiliates, suppliers, vendors, insurance providers, customers and others infringe the '007 patent.  Seton has intentionally caused, urged, encouraged, or aided in the action that induced direct infringement of the '007 patent by employees, executives, users, agents, affiliates, suppliers, vendors, insurance providers, customers and others.  Upon information and belief, such intentional action includes, for example, contracting with suppliers, agents, affiliates, vendors or others to make or use certain systems and processes of the Insurance Claim System; causing, urging, encouraging, or aiding certain actions by suppliers, agents, affiliates, vendors or others to make or use the Insurance Claim System; and causing, urging, encouraging or aiding employees, executives,

users, insurance providers, customers or others to make or use the Insurance Claim System. As a result of its conduct, Seton has induced and inducing such employees, executives, users, agents, affiliates, suppliers, vendors, insurance providers, customers and others to make or use systems and methods, such as the Insurance Claim System, to infringe at least claim 17 of the '007 patent. Additionally and in the alternative, Seton has induced and is inducing employees, executives, users, agents, affiliates, suppliers, vendors, insurance providers, customers and others to implement and utilize parts of or all of the systems and methods of the Insurance Claim System to infringe at least claim 17 of the '007 patent. Seton has engaged and is engaging in this conduct while aware of the '007 patent and with the intent to infringe, at least as of the filing of the Complaint.

24. ICS has been damaged by Seton's infringement of the '007 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Seton from further infringement.

### THIRD CAUSE OF ACTION
### (INFRINGEMENT OF THE '115 PATENT)

25. ICS restates and realleges the allegations set forth in paragraphs 1 through 24 above and incorporates them by reference.

26. Upon information and belief, Seton, through its Insurance Claim System, has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 23 of the '115 patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale or selling the Insurance Claim System within the United States. Seton also directly infringes at least claim 23 of the '115 patent by directing and/or controlling its employees, executives, users, agents, affiliates, suppliers, vendors, insurance providers, customers and others to use the Insurance Claim System to infringe at least claim 23 of the '115 patent.

27. Upon information and belief, Seton, through its Insurance Claim System, has infringed and continues to infringe at least claim 23 of the '115 patent in violation of 35 U.S.C. § 271(b) by inducing employees, executives, users, agents, affiliates, suppliers, vendors, insurance providers, customers and others to make, use, sell, or offer for sale within the United States, products or processes that practice inventions of the '115 patent, including the Insurance Claim System, with knowledge of and intent that such employees, executives, users, agents, affiliates, suppliers, vendors, insurance providers, customers and others infringe the '115 patent. Seton has intentionally caused, urged, encouraged, or aided in the action that induced direct infringement of the '115 patent by employees, executives, users, agents, affiliates, suppliers, vendors, insurance providers, customers and others. Upon information and belief, such intentional action includes, for example, contracting with suppliers, agents, affiliates, vendors or others to make or use certain systems and processes of the Insurance Claim System; causing, urging, encouraging, or aiding certain actions by suppliers, agents, affiliates, vendors or others to make or use the Insurance Claim System; and causing, urging, encouraging or aiding employees, executives, users, insurance providers, customers or others to make or use the Insurance Claim System. As a result of its conduct, Seton has induced and inducing such employees, executives, users, agents, affiliates, suppliers, vendors, insurance providers, customers and others to make or use systems and methods, such as the Insurance Claim System, to infringe at least claim 23 of the '115 patent. Additionally and in the alternative, Seton has induced and is inducing employees, executives, users, agents, affiliates, suppliers, vendors, insurance providers, customers and others to implement and utilize parts of or all of the systems and methods of the Insurance Claim System to infringe at least claim 23 of the '115 patent. Seton has engaged and is engaging in this

conduct while aware of the '115 patent and with the intent to infringe, at least as of the filing of the Complaint.

28. ICS has been damaged by Seton's infringement of the '115 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Seton from further infringement.

## PRAYER FOR RELIEF

**WHEREFORE**, ICS prays for judgment:

A. that Seton has infringed and is infringing the Asserted Patents;

B. enjoining Seton, its officers, agents, servants, employees, attorneys, successors and assigns and all other persons in active concert or participation with any of them from infringing, and/or inducing infringement of the Asserted Patents;

C. awarding ICS compensatory damages for Seton's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

D. trebling the amount of compensatory damages for patent infringement pursuant to 35 U.S.C. § 284;

E. awarding ICS reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

F. granting ICS such other and further relief in law or in equity as this Court deems just or proper.

## DEMAND FOR JURY TRIAL

ICS demands a trial by jury on all issues so triable.

DATED: March 24, 2015                              Respectfully submitted,

                                                      */s/ Charles Ainsworth*
                                                     Charles Ainsworth
                                                     State Bar No. 00783521
                                                     Email: charley@pbatyler.com
                                                     Robert Christopher Bunt
                                                     State Bar No. 00787165
                                                     Email: rcbunt@pbatyler.com
                                                     **Parker, Bunt & Ainsworth, P.C.**
                                                     100 E. Ferguson, Suite 1114
                                                     Tyler, Texas 75702
                                                     Phone: (903) 531-3535
                                                     Fax: (903) 533-9687


                                                     OF COUNSEL:
                                                     **John F. Ward** *(admitted E. D. Tex.)*
                                                     Email: jward@wardzinna.com
                                                     **David G. Lindenbaum** *(admitted E. D. Tex.)*
                                                     Email: dlindenbaum@wardzinna.com
                                                     **WARD & ZINNA, LLC**
                                                     382 Springfield Avenue
                                                     Summit, New Jersey 07901
                                                     Phone: 908-277-3333
                                                     Fax: 908-277-6373

                                                     *Attorneys for Plaintiff*
                                                     *Integrated Claims Systems, LLC*